Del Eddy COLEGROVE, Petitioner–
Appellant,

v.

Martin HOSHINO, in his capacity as
Acting Secretary of the California De-
partment of Corrections & Rehabilita-
tion; P.D. Brazelton, in his capacity
as Warden, Pleasant Valley State
Prison, Respondents–Appellees.

No. 15–15206.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2016.

Filed Feb. 23, 2016.

Dean Edward Johnson, Law Offices of
Dean E. Johnson, Redwood City, CA, for
Petitioner–Appellant.

Michele Swanson, Office of the Califor-
nia Attorney General, San Francisco, CA,
for Respondents–Appellees.

Before: SCHROEDER and NGUYEN,
Circuit Judges and ADELMAN,* District
Judge.

MEMORANDUM **

Del Eddy Colegrove, a California state
prisoner, appeals the district court's denial
of his petition for writ of habeas corpus.
Colegrove was convicted of sexual offenses
after a jury trial and sentenced to 64
years.

He contends that his counsel did not
understand his maximum exposure, and
that he was deprived of effective assistance
of counsel during plea negotiations when
he rejected a plea offer of 15 years. He
claims that had he known he faced more
than 48 years, he would have accepted the
offer.

To establish that counsel was ineffective,
a petitioner must show that counsel's per-
formance fell below an objective standard
of reasonableness under prevailing profes-
sional norms, and that there is a reason-
able probability the result of the proceed-
ing would have been different. *Strickland
v. Washington,* 466 U.S. 668, 687–88, 104
S.Ct. 2052, 80 L.Ed.2d 674 (1984). In
considering the performance prong of the
test, a reviewing court "must indulge a
strong presumption that counsel's conduct
falls within the wide range of reasonable
professional assistance...." *Id.* at 689, 104
S.Ct. 2052. Under the Anti–Terrorism
and Effective Death Penalty Act, "[t]he
pivotal question is whether the state
court's application of the *Strickland* stan-
dard was unreasonable." *Harrington v.
Richter,* 562 U.S. 86, 101, 131 S.Ct. 770,
178 L.Ed.2d 624 (2011).

Counsel's pretrial declaration in support
of a continuance shows that she believed
that the possible sentence was approxi-
mately 70 years, which belies petitioner's
contention that counsel's performance was
deficient because she did not understand
the concept of stacking. Petitioner argues
that his true maximum exposure was 122
years, but we agree with the district court
that it would not be unreasonable to inter-
pret counsel's 70–year calculation as con-
sistent with her argument at sentencing
that the imposition of consecutive sen-

---

* The Honorable Lynn S. Adelman, United
States District Judge for the Eastern District
of Wisconsin, sitting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

tences would be illegal under *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.